**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TIDEWATER CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-128C |
| v. | ) | |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. The allegations contained in the first sentence of paragraph 6 constitute conclusions of law and plaintiff’s characterization of its own case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 6 that the defendant assessed liquidated damages against the plaintiff for periods of 161 and 4 days; the remainder of the allegations contained in the second and third sentences of paragraph 6 constitute conclusions

of law and plaintiff's characterization of its own case, to which no answer is required, to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 6. Admits the general allegations throughout paragraph 6 concerning the existence of a contractual "winter suspension" period to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies such general allegations contained in paragraph 6.

7. Admits the allegation contained in paragraph 7 that the defendant assessed the plaintiff 165 days of contract time and liquidated damages at $1,800 per day; denies the remainder of the allegations contained in paragraph 7.

8. Admits the allegation contained in paragraph 8 that, on August 10, 2007, plaintiff submitted a claim to the defendant, known as claim no. XVI-07-003, CA PFH 149-1(2), Mad River Road, seeking additional compensation in the amount of $297,000 for the return of 165 days of liquidated damages, assessed at $1,800 per day. Denies the remainder of the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

13. Admits the allegation contained in the first sentence of paragraph 13 that the defendant has assessed a total of 243 days of liquidated damages at $1,800 per day and 82 days of liquidated damages at $360 per day, for total liquidated damages of $466,920; denies the remainder of the allegations contained in the first sentence of paragraph 13. The allegations contained in the second, third, and fourth sentences of paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies each and every allegation not previously admitted or otherwise qualified.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 13, or to any relief whatsoever.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

Plaintiff's cause of action is barred, in whole or in part, by the doctrines of waiver and estoppel.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

June 6, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on June 6, 2008, a copy of the foregoing “ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak