IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIDEWATER CONTRACTOR'S, INC. | ) | |
| | ) | No. 08-128C |
| Plaintiff, | ) | Judge Marion Blank Horn |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AMENDED COMPLAINT**

Allegations Common to All Claims

1. This court has jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. Section 601, et seq. and 28 U.S.C. Section 1491(a)(2).

2. Plaintiff, Tidewater Contractors, Inc., is an Oregon corporation.

3. The United States, by and through the U.S. Department of Transportation, entered into a contract with Tidewater Contractors, Inc. entitled Mad River Road, Contract No. DTFH68-04-C-00003.

4. Plaintiff performed all the work within the contract time, as adjusted for appropriate winter suspensions. Plaintiff received extensions of time during the course of construction for 47 days in connection with Contract Modifications 2, 3 & 4. Plaintiff received a Decision from the Civilian Board of Contract Appeals on June 29, 2007 allowing plaintiff an additional 89 days of contract time. By June 29, 2007, all the work had been performed.

5. The contract provided for only one winter suspension and specifically referenced anticipated winter suspensions and winter shutdown at several locations in the Special

Contract Requirements. If Defendant had properly allowed plaintiff the 89 days during the course of construction then the completion date for the contract would have been November 7, 2005. When the 47 days allowed by the modifications are added to the November 7, 2005 date, then the completion date for the contract becomes December 24, 2005.

6. December 24, 2005 is in the winter suspension period recognized by the contract to start on November 15, 2005, and it is beyond the original completion date of August 10, 2005. The Defendant ignored it's obligation to suspend the contract time for the second wwinter suspension, despite plaintiff's request to Defendant that a winter suspension be issued for the period November 15, 2005 and April 24, 2006. Defendant thereafter continued to count Contract Time during the November 15, 2005 to April 24, 2006 period, and as result assessed liquidated damages for 161 days (number of days in the requested winter suspension which were erroneously counted by the Defendant as Contract days). Additionally, had Defendant properly suspended Contract Time for the requested winter suspension, plaintiff would have been entitled to 4 additional days in 2006, as a result of periods following winter suspension which limited operations under the Special Contract Requirements and during which plaintiff was required to continue performance. Defendant wrongfully assessed liquidated damages for this period and during other contract periods for which time should have been granted.

7. Defendant assessed 165 days of Contract Time and liquidated damages @ $1,800 a day wrongfully.

8. On August 10, 2007, plaintiff filed a claim with Defendant, designated by defendants as

Claim XVI-07-003, CAPFH 149-1(2), seeking to have the 165 days of Contract time erroneously charged by Defendant changed to non-chargeable days, and for the payment of $297,000 of contract payments to Plaintiff which had been wrongfully assessed and withheld as liquidated damages from progress payments otherwise due Plaintiff.

9. Defendant issued a Contracting Officer's Decision on this claim on December 14, 2007, a copy of which is attached hereto as Exhibit 1 and by this reference incorporated herein.

10. The Contracting Officer's Decision wrongfully denies Plaintiff's claim and continues Defendant's breach of its contract with Plaintiff by refusing to pay to Plaintiff the $297,000 which has been wrongfully withheld from Plaintiff , as purported liquidated damages.

11. In addition to Claim XVI-07-003, CAPFH 149-1(2), Plaintiff has additional claims which likewise seek both monetary damages and additional contract time within which Plaintiff would have to perform the contract, based upon claims of government caused delay. These claims are not yet the subject of a Contracting Officers Decision and therefore not ripe for inclusion in this Complaint.

12. In this action, the Plaintiff asks the Court to determine only: a) whether Plaintiff was entitled to the winter suspension it requested, from November 15, 2005 to April 24, 2006 (and thereby the corresponding 161 day for day extension of the dates by which Plaintiff was to achieve substantial and final completion of the work under the Contract; b) for an additional 4 Contract Days, to compensation for non-chargeable days occuring during the extended contract period following, after resumption of Contract Time on April 25, 2006; and c) for payment of damages in the amount of $297,000 which amount was assessed by

Defendant as liquidated damages and thereafter improperly withheld from progress payments otherwise due Plaintiff.

13. Defendant has assessed a total of 243 days of liquidated damages at $1,800 per day (substantial completion) and 82 days of liquidated damages at $360 per day (final completion), for total liquidated damages of $466,920, which amount has been withheld from contract payments otherwise due Plaintiff. The claims which are alleged in Paragraph 11, but which cannot be joined in this lawsuit, seek contract time extensions which would extend the Contract Completion Dates beyond the actual dates Plaintiff achieved substantial and final completion of Project. Plaintiff hereby specifically reserves any and all rights, whether contractual, statutory or based in the common law. No such rights, duties or obligations are waived or intended to waived by the filing of this action.

Wherefore, Plaintiff prays for judgment on its complaint as follows:

a) For a declaration that Plaintiff was entitled to the winter suspension it requested, from November 15, 2005 to April 24, 2006 (and thereby the corresponding 161 day for day extension of the dates by which Plaintiff was to achieve substantial and final completion of the work under the Contract);

b) For a declaration that an additional 4 Contract Days, to compensate for non-chargeable days occurring during the extended contract period following resumption of Contract Time on April 25, 2006; and

c) For a judgment in the amount of $297,000, together with Prompt Payment interest thereon from the date(s) such amounts were withheld from payments otherwise

due to Plaintiff until Defendant received the August 10, 2007 and thereafter interest at the Contract Disputes Act rate until paid in full; and

d) For an award of Plaintiff's attorney fees incurred herein, pursuant to the Equal Access to Justice Act.

DATED this ____ day of March, 2008.

______________________________

Joseph A. Yazbeck, Jr.
YAZBECK, CLORAN & HANSON, LLC
1300 SW 5th Ave., Suite 2750
Portland, Oregon 97201
Tel: 503-227-1428
Fax: 503-227-4866