**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TIDEWATER CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-128C |
| v. | ) | |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION TO AMEND COMPLAINT**

Pursuant to the Court's June 26, 2008 order, defendant, the United States, respectfully submits this response to the June 25, 2008 Motion to Amend Complaint (the "motion"), filed by the plaintiff, Tidewater Contractors, Inc. ("Tidewater"). Because Tidewater's request does not satisfy the requirements of Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC") and the proposed amendments to the complaint are futile, we respectfully request that the Court deny the plaintiff's motion.

INTRODUCTION

Before proceeding to the merits of our response, we must note that we are mindful of the fact that simply consenting to Tidewater's proposed amendment and filing a short answer to the first amended complaint likely would have taken less time and effort than preparing this response. However, because the amendments Tidewater proposes for its complaint are so obviously unnecessary to the statement of its claim, we were concerned that consenting to the proposed amendments would inappropriately condone clearly unnecessary distractions that will not advance the case.

Additionally, in light of the proceedings that have already transpired in this case, Tidewater's motion comes as somewhat of a surprise. After the June 20, 2008 telephonic status

conference, during which the parties and the Court discussed this issue, we believed that it was very clear that Tidewater's proposed amended complaint was unnecessary and that the parties should move forward by preparing and filing dispositive motions upon the contract-interpretation issue presented by Tidewater's claim. Therefore, we were confused when plaintiff's counsel emailed the following week, re-requesting our consent to the proposed amended complaint. After reviewing the proposed amended complaint and observing that the new allegations were nothing more than argument and peripheral facts unnecessary under Rules 8 and 9, we concluded that we could not consent because the only practical effect of amending the complaint would be to force the Government to spend time needlessly re-preparing and re-filing an answer that -- like the amended complaint -- would not have any material effect upon this case. We attempted to explain this to Tidewater's counsel and invited further discussion of the issue, but Tidewater did not respond and, instead, filed the present motion.

Certainly, in the parlance of Rule 15, justice does not require litigants to expend their limited resources re-doing completed work simply because one party unilaterally feels an impulse to modify its prior work with no apparent benefit. Pleadings and motions filed in a Federal court are functional documents, and Rule 15's concept of "justice" must be circumscribed by the Rules that objectively define those functions. In other words, if a pleading satisfies the applicable Rule(s), and the pleading party does not wish to add something material to its pleading, then there is no need to update the pleading. Tidewater may have some undefined desire to modify its complaint, but the original complaint adequately puts the defendant on notice of the claim, and that is all that the Rules require. Justice does not require this Court to afford Tidewater an opportunity to repeat the initial pleading stage solely upon the

basis of Tidewater's caprice -- especially when such action would also require the defendant to spend its time, however minimal, engaging in activity that will not advance this litigation.

We believe, therefore, that it was important and appropriate not to consent to Tidewater's request, and we are hopeful that our effort now will avoid any future distractions from the issues critical to this case.

## STATEMENT OF THE CASE

### I. The Allegations Of Plaintiff's Original Complaint

Plaintiff Tidewater entered into contract number DTFH68-04-C-00003 with the United States to perform certain work upon the Mad River Road, located within the Trinity National Forest in California. Complaint ("Cmplt.") ¶3. In its complaint, Tidewater alleges that the contract work was to be performed within a specified time, "as adjusted for appropriate winter suspensions." Id. at ¶4. Tidewater alleges also that the Government did not acknowledge the alleged winter suspensions and, therefore, assessed liquidated damages for days during the winter of 2005-2006 that fell after the originally scheduled completion date but during the alleged winter suspension. Id. at ¶¶ 5-7.

On August 8, 2007, Tidewater presented a claim to the contracting officer requesting an extension of the contract time commensurate with the alleged winter suspension and the following Memorial Day holiday weekend, as well as the return of the liquidated damages. Id. at ¶ 8. The contracting officer denied Tidewater's claim in a final decision dated December 14, 2007. Id. at ¶ 9.

Tidewater asserts that the jurisdiction of this Court attaches pursuant to 41 U.S.C. § 601, et seq. (the Contract Disputes Act, or CDA), and 28 U.S.C. § 1491(a)(2) (the Tucker Act). Id. at

¶ 1. For its relief, Tidewater requests (a) a declaration that it is entitled to a contract extension equal to the alleged winter suspension; (b) a declaration that it is entitled to an extension equal to the 2006 Memorial Day holiday weekend; (c) judgment in an amount equal to the liquidated damages withheld by the Government and attributable to the alleged winter suspension period and the 2006 Memorial Day holiday weekend; and (d) attorney fees pursuant to the Equal Access to Justice Act. Id. at 4 (prayer for relief). This is what Tidewater sought from the contracting officer in its claim. See Exhibit A to the Complaint, at 3. Accordingly, Tidewater is asserting its August 8, 2007 claim pursuant to 41 U.S.C. § 609(a)(1).

## II. The Added Allegations In Plaintiff's Proposed Amended Complaint[1]

Tidewater's proposed amended complaint adds allegations to three paragraphs. In paragraph 4, Tidewater proposes to add:

> Plaintiff received extensions of time during the course of construction for 47 days in connection with Contract Modifications 2, 3 & 4. Plaintiff received a Decision from the Civilian Board of Contract Appeals on June 29, 2007 allowing plaintiff an additional 89 days of contract time. By June 29, 2007, all the work had been performed.

In paragraph 5, Tidewater makes two changes. It adds the phrase "only one winter suspension" after the fourth word of the first sentence. It also adds, at the end of the paragraph:

> If Defendant had properly allowed plaintiff the 89 days during the course of construction then the completion date for the contract would have been November 7, 2005. When the 47 days allowed by the modifications are added to the November 7, 2005 date, then the completion date for the contract becomes December 24, 2005.

[1] Tidewater did not indicate, either in its motion or through any notation upon its proposed amended complaint, what specific changes it has made to the complaint. We have identified Tidewater's changes by juxtaposing the two documents and noting the differences. To the extent we have missed any changes, such error is unintentional.

In paragraph 6, Tidewater makes three changes. First, Tidewater inserts a new first sentence: "December 24, 2005 is in the winter suspension period recognized by the contract to start on November 15, 2005, and it is beyond the original completion date of August 10, 2005." In the second sentence, after the 12th word, Tidewater adds the word "second." In the fourth sentence, Tidewater adds "in 2006" after the 21st word of that sentence.

In its motion, Tidewater describes these proposed changes as "add[itional] factual allegations concerning the amount of time allowed by change orders and a previous Board of Contract Appeals Decision. . . . [and] allegations concerning how the time allowed effected the contract time." Motion at 1.

## ARGUMENT

Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Rule addresses a party's right to amend pleadings in two ways. First, prior to the filing of a responsive pleading by the party's opponent, the party seeking to amend its pleading is automatically entitled to file its amendment as a matter of right, without the consent of its opponent or leave of court. Second, if the amending party fails to file its amendment prior to the filing of a responsive pleading, that party's right to file its amendment is contingent upon either (a) the consent of its opponent, or (b) the Court granting leave to amend upon a showing that "justice . . . requires" the amendment.

Tidewater has proposed its amendment after the Government has filed its answer in this case, and therefore, Tidewater's right to amend falls under Rule 15's second category. Tidewater's motion to amend, in its entirety, states:

> Plaintiff moves to amend its complaint pursuant to R[C]FC[] 15. The proposed Amended Complaint adds factual allegations concerning the amount of time allowed by change orders and a previous Board of Contract Appeals Decision. It also adds allegations concerning how the time allowed effected the contract time. Defendant's counsel objects to this amendment.

This motion contains a citation to Rule 15, a general description of the factual allegations and argument Tidewater proposes to add to its complaint, and a statement that the defendant's counsel objects[2] to the proposed amendment. Absent from this motion is a statement indicating why "justice . . . requires" the Court to exercise its discretion and grant leave to file the amended pleading. For this failure alone, the Court should deny Tidewater's motion. See Rivera-Agredano v. United States, 70 Fed. Cl. 564, 580 (2006) ("Plaintiffs' request for leave . . . fails to indicate the reasons why an amendment is necessary or the ways in which that amendment would help them establish their claims. Without a specific statement as to the reasons why 'justice [would] require' amendment, the court cannot allow plaintiffs to amend their complaint.").

---

[2] Rule 15 requires an opponent's "consent," not a statement of objection or non-objection. See RCFC 15(a). Accordingly, counsel for the defendant indicated to counsel for the plaintiff that the defendant -- the United States, not defendant's counsel -- did not consent to the proposed amendment, and briefly stated the defendant's reasons for withholding such consent. See Exhibit A. Plaintiff's counsel, on the other hand, has never explained why Tidewater's proposed amendment is necessary. It appears, therefore, that Tidewater feels it is entitled to amend its pleading whenever it pleases, an untenable position in light of Rule 15's requirement that the party seeking to amend obtain leave of court upon a showing that justice requires the amendment.

Tidewater's motion should also be denied because the proposed amendments are futile. Notwithstanding Rule 15's express preference that courts "freely give[]" leave to parties presenting proper motions to amend, there are certain widely accepted circumstances under which a court may properly exercise its discretion to deny a motion to amend. Specifically, the United States Supreme Court has stated that, "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989) (citing Foman and discussing futility of amendment).

Tidewater's proposed amended complaint adds allegations of only peripheral facts and argument. Neither is necessary or proper under the Rules. These allegations are unnecessary because the original complaint in this case adequately states Tidewater's claim by identifying and describing Tidewater's August 8, 2007 claim and the contracting officer's December 14, 2007 denial of that claim. This is all that is required under Rule 8's "short and plain statement" standard, as well as Rule 9(h)(1)'s requirement that a complaint shall include "[a]ny action on the claim taken by . . . any department or agency of the United States." See, e.g., ATK Thiokol, Inc. v. United States, 76 Fed. Cl. 654, 664 (2007) (citing Info. Sys. & Networks Corp. v. United States, 64 Fed. Cl. 599, 603 (2005)). In fact, many of the factual and argumentative allegations contained in Tidewater's original complaint could be removed and it would still be adequate (assuming it did not cull the allegations relating to the claim and the contracting officer's final

decision).

The added allegations are improper because they amount to nothing more than unnecessary verbiage that has no legal import, which will only result in requiring the defendant to spend the time and effort to reproduce and re-file its answer (with four additional sentences). This Court has denied motions to amend pleadings upon the basis of futility when, among other things, the proposed amendment seeks only to clarify matters adequately pled in the original pleading. See Phillips v. United States, 77 Fed. Cl. 513, 520 (2007) (denying motion to amend in a contract case when the sole issue was a legal question of contract interpretation and the proposed amended complaint added allegations of parole evidence); Thomas v. United States, 34 Fed. Cl. 619, 623 (1995) ("the requested amendment seeks only to clarify that plaintiff's complaint was filed in response to [certain correspondence] . . . such an amendment would be futile"). See also Croskey v. United States, 24 Cl. Ct. 420, 423 (Cl. Ct. 1991) ("Most courts when considering a 'futility' defense to a motion to amend a complaint will discern 'whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior complaint.'") (citations omitted).

For example, the new allegations in paragraph 4 describe, with some specificity, how the contract time was extended, both by modification and by order of the Civilian Board of Contract Appeals. Although the Government does not disagree with these allegations, none of them are critical to the statement of Tidewater's claim. At best, these facts provide background against which the defendant and the Court may better understand Tidewater's legal argument. Such information, however, is more appropriately included in pleadings and motions occurring after the complaint -- such as the parties' joint stipulation of facts, due on July 25, 2008.

The new allegation in paragraph 5 is similarly non-critical and would not even need to be answered by the defendant. The new allegation asserts that, if the time extension eventually awarded by the CBCA had occurred during contract performance, the Government would have moved the contract completion date back to December 24, 2005. This is a hypothetical situation that is either legal argument or Tidewater's favorable characterization of its own claim, neither of which would require the a response from the defendant. The assertion of this hypothetical contract schedule is also not critical to the statement of Tidewater's claim. Tidewater's proposed addition to paragraph 5 is a concept more appropriately introduced during motion practice; it is not something that justifies granting its motion to amend.

The new allegations in paragraph 6 are either repetitive of allegations already made elsewhere in the original complaint or, like those in paragraph 4, are not critical to the statement of Tidewater's claim. First, Tidewater alleges that the contract required a winter suspension that began on November 15, 2005. Tidewater has already made this allegation, see cmplt. ¶¶ 4-6, and we have already denied it, see answer at ¶¶ 4-6. The contract simply does not provide for the absolute winter suspension that Tidewater asserts. The Court has already set a briefing schedule for a dispositive motion upon this issue, and Tidewater's repeated allegation of this "fact" in an amended complaint is not going to alter the language of the contract.

Tidewater alleges also in paragraph 6 that the contract's originally scheduled completion date was August 10, 2005. As discussed above, this specific fact is not necessary to the statement of Tidewater's claim, and it does not form a proper basis upon which to grant leave to amend the complaint.

Finally, Tidewater adds an allegation to paragraph 6 asserting that December 24, 2005

falls after both November 15, 2005 and August 10, 2005. Tidewater has not previously pled this fact, and the Government cannot deny it. It is not, however, critical to the statement of Tidewater's claim, nor does it add a claim, nor does it expand the scope of this litigation beyond that which the original complaint already indicates. Accordingly, there is no reason to grant leave to amend the complaint to add this allegation.

None of Tidewater's new allegations add critical facts. They do not add substantive claims. They do not seek new relief. Rather, these new allegations, at best, provide insight into the details of Tidewater's theory by which it intends to stretch its 89-day extension into a 254-day extension. However, the original complaint already conveys Tidewater's general intent in this regard, and the defendant is already on notice of Tidewater's claim. That is all that is required of a complaint, and it is neither necessary nor proper to permit Tidewater to amend its complaint to include information that is more appropriately disclosed during the already-scheduled motion practice or, if necessary, during discovery.

## CONCLUSION

For these reasons, the defendant respectfully requests that the Court deny the plaintiff's motion to amend its complaint.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

July 10, 2008

Attorneys for Defendant

# Exhibit A

**Wolak, Devin (CIV)**

**From:** Wolak, Devin (CIV)
**Sent:** Wednesday, June 25, 2008 8:56 AM
**To:** 'Joe Yazbeck'
**Subject:** RE: amended complaint

Joe,

We do not consent, per Rule 15, to the plaintiff's filing of its proposed amended complaint. The original complaint does not appear to be deficient, the Government is not planning to file a motion to dismiss upon that basis, and the Court has not suggested that an amendment is required. The changes you propose do not add additional claims or request new relief. Rather, your revision adds non-critical factual allegations and argument, neither of which are necessary to the statement of your claim under Rule 8.

The judge has ordered the parties to prepare a joint statement of fact and motions for summary judgment upon the narrow issue of contract interpretation that your case presents. I respectfully suggest that we focus our energies upon those activities, which are more appropriate vehicles for raising the matters you have included in your proposed amendment to the complaint.

Please feel free to contact me if you would like to discuss this further. Otherwise, I look forward to receiving your initial draft of the stipulation of facts early next week.

Sincerely,

**Devin Wolak**
**Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530 (for overnight deliveries, use 20005)**
**Tel. (202) 616-0170**
**Fax. (202) 305-7644**
**devin.wolak@usdoj.gov**

-----------------------------------------------------

**This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.**

---

**From:** Joe Yazbeck [mailto:jay@yazbeckhanson.com]
**Sent:** Tuesday, June 24, 2008 2:41 PM
**To:** Wolak, Devin (CIV)
**Subject:** amended complaint

Devin, have you had a chance to look at it yet? joe

**CERTIFICATE OF FILING**

I hereby certify that on July 10, 2008, a copy of the foregoing "RESPONSE TO MOTION TO AMEND COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak